# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHERRY THIBODEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-787-RLB** |
| **DOLGENCORP, LLC** | **CONSENT CASE** |

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment (R. Doc. 25) filed by Defendant, Dolgencorp, LLC (Defendant) on March 5, 2015.[1] Plaintiff, Sherry Thibodeaux (Plaintiff), filed an Opposition in response to Defendant's Motion. (R. Doc. 27). Following Plaintiff's Opposition, Defendant obtained leave to file a Reply Memorandum (R. Doc. 28) addressing certain arguments made in the Opposition. Considering the materials cited by the parties and the applicable law, the Court finds Defendant's Motion for Summary judgment should be **GRANTED**.

### I. BACKGROUND

On June 16, 2013, Plaintiff was shopping in Defendant's store located in Gonzales, Louisiana. (R. Doc. 1-2 at 1). Plaintiff claims that she "was walking along the aisle with the artificial flowers when she reached in for an item on the shelf and was bitten by a Black Widow/Brown Recluse spider" on her left hand. (R. Doc. 1-2 at 1). During her deposition, Plaintiff explained that she immediately pulled her hand back after feeling the "sting." (Pl. Dep., R. Doc. 25-3 at 9). However, Plaintiff also conceded that she did not see any spiders or other

---

[1] The parties have consented to proceed before the United States Magistrate Judge. *See* 28 U.S.C. § 636(c)(1) ("Upon consent of the parties," a United States Magistrate Judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.").

insects while shopping, and that she initially thought she was stung by a spider, wasp or snake. (Pl. Dep., R. Doc. 25-3 at 5-6).

As a result of the alleged spider bite, Plaintiff claims that she sustained "[n]erve injury to [her] left hand, wrist, arm and left side;" and that "she can no longer use her left hand to its fullest. It constantly is swelling by early afternoon which makes her unable to use it." (Pl.'s Resp. to Def.'s Interrog. Nos. 4 and 6, R. Doc. 12-11 at 4-5).[2] Additionally, Plaintiff claims she "has been to see her regular doctor, Dr. Jerry M. Poche. Dr. Poche referred [Plaintiff] to Dr. Scott G. Petrie (orthopedist) . . . to help determine the severity of the damage to her arm." (R. Doc. 1-2 at 1). Plaintiff has likewise sought treatment from several other physicians — Dr. Randall Poche (primary care), Dr. Chad Loup (orthopedic surgeon), and Dr. Michael Robichaux (orthopedic surgeon). (R. Doc. 25-3 at 3).

On September 4, 2013, Plaintiff sued Defendant in state court, alleging that her "injuries were caused solely and proximately through the negligence and fault" of Defendant in failing to protect her from the harm suffered. (R. Doc. 1-2 at 2). Plaintiff seeks damages for "permanent" injury to her "left arm and beyond," physical pain and suffering, disfigurement, mental anguish, emotional distress, lost enjoyment of life, medical expenses, inconvenience, distress, and embarrassment. (R. Doc. 1-2 at 2).

Defendant now moves for summary judgment on Plaintiff's claims. (R. Doc. 25). According to Defendant, Plaintiff cannot survive summary judgment because she is unable to prove (1) that she was bitten by a spider, or (2) that a spider bite was the cause-in-fact of her alleged injuries. (R. Doc. 25-1 at 6-10).

---

[2] Neither party has cited to Plaintiff's Interrogatory Answers (R. Doc. 12-11) in connection with Defendant's Motion for Summary Judgment. (R. Doc. 25). Nonetheless, the Court may consider Plaintiff's discovery responses in resolving Defendant's Motion because they are in the record. Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party, "citing to particular parts of materials in the record," can show "there is no genuine dispute as to any material fact" and it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). However, when the non-movant bears the burden of proof at trial, the party seeking summary judgment must only show that an essential element of the non-movant's claim cannot be established. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."). The Court must construe all facts and inferences in the light most favorable to the non-movant and cannot weigh evidence or evaluate credibility. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

## III. APPLICABLE SUBSTANTIVE LAW

Because this is a diversity action, Louisiana substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Stephens v. Witco Corp.*, 198 F.3d 539, 541 (5th Cir. 1999). Here, Plaintiff's negligence action may be analyzed under Louisiana Civil Code article 2315 (general law of negligence)[3] or under Louisiana Civil Code article 2317.1 (premise liability).[4]

---

[3] Louisiana Civil Code article 2315 provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

[4] While article 2317.1 is most applicable to Plaintiff's negligence action, that article modifies the general principals of premise liability described in Louisiana Civil Code article 2317, which provides:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

Under either analysis, Plaintiff must demonstrate that Defendant's negligence was a cause-in-fact of her injuries — an element essential to her claim. *Sharplin v. Helmerich & Payne Int'l Drilling Co.*, 2008 WL 2993651, at *3 (M.D. La. Aug. 4, 2008) (noting that 'cause-in-fact' is an essential element of claims brought under articles 2315, 2317 and 2317.1).[^1] Plaintiff has the "burden of proving negligence and causation by a preponderance of the evidence, and proof is sufficient . . . when the entirety of the evidence . . . establishes that the fact or causation sought to be proved is more probable than not." *In re Katrina Canal Breaches Consol. Litigation*, 2013 WL 1562765, at *11 (E.D. La. April 12, 2013); *see also Maranto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 759 (La. 1995).

### A. Cause-in-Fact under Louisiana Civil Code article 2315

Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under Louisiana Civil Code article 2315. For liability to attach, a plaintiff must prove that: (1) the defendant had a duty to conform its conduct to a specific standard of care (duty); (2) it failed to conform its conduct to the appropriate standard of care (breach of duty); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiffs injuries (cause-in-fact); (4) its substandard conduct was a legal cause of the plaintiff's injuries (scope of protection); and (5) actual damages (damage). *Pinsonneault v. Merchs. & Farmers Bank & Trust Co.*, 816 So.2d 270, 275-76 (La. 2002).

Under the facts of this case, the cause-in-fact element requires Plaintiff to prove that Defendant's alleged failure to keep hazardous spiders out of its store was a cause-in-fact of her

---

[^1]: As "one of the . . . modifications" described in article 2317, Louisiana Civil Code article 2317.1 further instructs:

    > The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

claimed injuries. Therefore, Plaintiff must demonstrate (1) not only that Defendant was negligent, but also (2) that Defendant's negligence was a cause-in-fact of Plaintiff being bitten by a spider, which in turn caused her alleged "nerve injury" to the left side of her body, with associated swelling and pain. (R. Doc. 12-11 at 4-5); (R. Doc. 25-3 at 2).

**B.     Cause-in-Fact under Louisiana Civil Code article 2317.1**

Like article 2315, liability is established under Louisiana Civil Code article 2317.1 on a showing of negligence. *See Lasyone v. Kansas City Southern R.R.*, 786 So.2d 682, 689 n.9 (La. 2001). A finding of negligence under article 2317.1 requires a plaintiff to show that: (1) the defendant had custody of the thing causing the plaintiff's injuries; (2) the thing was defective because of a condition creating an unreasonable risk of harm; (3) the defendant had actual or constructive knowledge of the defect and failed to take corrective measures within a reasonable time; and (4) the defect was a cause-in-fact of the plaintiff's injuries. *Netecke v. State of Louisiana*, 747 So.2d 489, 494 (La. 1999).

"Under the traditional cause-in-fact jurisprudence" Louisiana courts have "applied both the 'but-for' and 'substantial factor' tests, alternately and in combination." *Myers v. Dronet*, 801 So.2d 1097, 1108 (La. App. 3 Cir. 2001). The same is true in the context of article 2317.1 — to prove cause-in-fact, a plaintiff must show that she would not have been injured "but for" the defect, or that the defect was a "substantial factor" in bringing about the injury. *Myers*, 801 So.2d at 1108. Under the facts of this case, Plaintiff must establish that (1) the store was so infested with spiders, it was rendered defective; and (2) this infestation was at least a substantial factor in Plaintiff being bitten by a spider, which then caused her alleged injuries.

## IV. DISCUSSION

Whether the Court analyzes Plaintiff's claims under article 2315 or 2317.1, Plaintiff must prove that the alleged "nerve injury" to the left side of her body resulted from a spider bite that occurred in Defendant's store. Assuming, without deciding, that Plaintiff had established all of the other elements of her claim — including that she was bitten by a spider — summary judgment would still be appropriate because she cannot establish the element of causation. In other words, Plaintiff cannot cite to any evidence showing that a spider bite, even if one did occur, was a cause-in-fact of her alleged injuries.

All of Plaintiff's treating physicians have unanimously stated that it is "more probable than not" that her injuries were not caused by a spider bite. Dr. Jerry Poche, Plaintiff's primary care physician, treated her several days after the incident and testified that it was more probable than not that Plaintiff's symptoms were not the result of a spider bite. (J. Poche, Dep., R. Doc. 25-3 at 50). Plaintiff's other primary care physician, Dr. Randall Poche, expressed a similar opinion about the cause of Plaintiff's symptoms:

> A: I felt like at that time it was more related to arthritis.
>
> Q: So you would say more probable than not, arthritis, and not a spider bite?
>
> A: Correct.

(R. Poche, Dep., R. Doc. 25-3 at 55).

> Q: [O]n a more probable than not basis . . . you cannot say that any of those symptoms were related to a spider bite?
>
> A: Correct.

(R. Poche, Dep., R. Doc. 25-3 at 56).

Plaintiff's orthopedist, Dr. Scott Petrie, more affirmatively echoed Dr. Randall Poche's opinion that Plaintiff's injuries and symptoms were most likely caused by arthritic changes — not a spider bite.

> Q: [D]o you have an opinion as to what was causing her neck pain, her hand and thumb pain and perhaps even her hip pain?
>
> A: You know, based on her history and . . . X-rays and evaluation on physical exam, it was probably more her previous car wreck from 2004 and arthritic changes, et cetera, in her neck. And her thumbs and her hand were probably some base of the thumb arthritis and the carpal tunnel syndrome.
>
> Q: [I]s there any symptom or condition for which you would relate to a spider bite?
>
> A: No.
>
> Q: If, in fact, as you suspected, she had carpal tunnel syndrome . . . would you relate that carpal tunnel syndrome to a spider bite?
>
> A: No.

(Petrie Dep., R. Doc. 25-3 at 32).

Dr. Chad Loup, an orthopedic surgeon, treated Plaintiff about 3 months after the incident. (Loup Dep., R. Doc. 25-3 at 34). Dr. Loup testified that Plaintiff "presented with complaints of left hand pain and some left hip pain" and that 3 months earlier "she had been, she thought, bitten by a brown recluse spider." (Loup Dep., R. Doc. 25-3 at 34). Plaintiff also told Dr. Loup that since the spider bite, the pain near the base of her thumb had gotten worse and that "she did a lot of standing and work at home that seemed to make it worse, exacerbate her symptoms." (Loup Dep., R. Doc. 25-3 at 34). And although Plaintiff told Dr. Loup that "the bite had healed . . . she was concerned that [it] may have precipitated the pain she was having in her thumb." (Loup Dep. R. Doc. 25-3 at 34). When asked for his medical opinion on the cause of Plaintiff's symptoms, Dr. Loup gave the following testimony:

> Q: [D]id you see any overt sign that you would relate to a spider bite from your physical examination of her?
>
> A: No. I really didn't see anything on that exam that showed that there was a significant defect from a brown recluse spider or necrotic lesion, no.

(Loup Dep., R. Doc. 25-3 at 36-37).

> Q: What was your assessment of Ms. Thibodeaux . . . ?
>
> A: I thought she had significant osteoarthritis of the left first CMC joint, which is at the base of the thumb, and I thought she had bursitis in her left hip.
>
> Q: [D]id you relate the arthritic condition of her left thumb to a spider bite . . . ?
>
> A: I did not.
>
> Q: And why is that?
>
> A: I think that arthritic change probably came on over quite some time and I think that the spider bite didn't contribute to the arthritic change.

(Loup Dep., R. Doc. 25-3 at 37).

Finally, Dr. Michael Robichaux performed two surgeries on Plaintiff's left hand to alleviate Plaintiff's symptoms of carpal tunnel syndrome and "severe" carpal joint osteoarthritis — a Trapeziectomy and Carpel Tunnel Release. (Robichaux Dep., R. Doc. 25-3 at 40-43). Based on his treatment of Plaintiff, Dr. Robichaux explained that "in the end, it's unlikely that [her symptoms and conditions] would be related to the spider bite." (Robichaux Dep., R. Doc. 25-3 at 42). Like Plaintiff's other treating physicians, Dr. Robichaux affirmed that it was "more probable than not" that Plaintiff's conditions were "not related to the spider bite." (Robichaux Dep., R. Doc. 25-3 at 42, 44). He further testified:

> Q: Was there anything you observed during surgery that could have been related to a spider bite . . . ?
>
> A: I didn't – I didn't see anything that I would attribute to a spider bite.

(Robichaux Dep., R. Doc. 25-3 at 44).

The opinions of Plaintiff's 5 treating physicians account for all of the medical evidence in the record. All 5 physicians unanimously testified that Plaintiff's injuries, more likely than not, were not caused by a spider bite. Not only did all 5 physicians agree that a spider bite was not the cause-in-fact of Plaintiff's injuries, all three of Plaintiff's orthopedists actually attributed her symptoms to arthritic changes. Plaintiff has offered no evidence to dispute those statements.

The Court therefore concludes that Plaintiff has not produced evidence sufficient to establish the existence of a genuine issue of fact as to causation. Therefore, summary judgment is appropriate as Plaintiff failed to "make a showing sufficient to establish the existence of an element essential to [her] case"— that a spider bite was the cause-in-fact of her alleged injuries. *Celotex Corp.*, 477 U.S. at 322.

## V. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Defendant's Motion for Summary Judgement is **GRANTED** and Plaintiff's claims are **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on April 17, 2015.

```
                                    RICHARD L. BOURGEOIS, JR.
                                    UNITED STATES MAGISTRATE JUDGE
```